1  TRACY L. MAINGUY, Bar No. 176928
   OPERATING ENGINEERS LOCAL UNION NO. 3 TRUST FUNDS- MULTI-SERVICES
2  1620 South Loop Road
   Alameda, CA 94502
3  (510) 748-7474

4  Attorney for the Plaintiffs

5

6                    UNITED STATES DISTRICT COURT

7              FOR THE NORTHERN DISTRICT OF CALIFORNIA

8                      (SAN FRANCISCO DIVISION)

9

| | |
|---|---|
| GIL CROSTHWAITE, JOHN BONILLA, in their respective capacities as Trustees of the OPERATING ENGINEERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA et al., <br><br> Plaintiffs, <br> vs. <br><br> MORA CONSTRUCTION, INC. et al., <br><br> Defendants. | Case No.: C 04-04907 JSW <br><br> **PLAINTIFFS' SECOND EX PARTE APPLICATION TO CONTINUE CASE MANAGEMENT CONFERENCE; [~~PROPOSED~~] ORDER THEREON** <br><br> Date: July 15, 2005 <br> Time: 1:30 p.m. <br> Place: 17th Floor, Courtroom 2, 450 Golden Gate Avenue, San Francisco, CA |

Plaintiffs are Trustees of the above-captioned Taft-Hartley Multi-Employer trust funds. The Trust Funds filed suit to obtain an injunction mandating that Defendants allow the Trust Funds access to MORA CONSTRUCTION, INC.'S books and records to conduct an audit to determine whether, or not, Defendants complied with the reporting and payment of contribution requirements of MORA CONSTRUCTION, INC.'S collective bargaining agreement with the

---

Plaintiffs' Second Ex Parte Application To Continue Case Management Conference; Order Thereon;
Case No. C 04-04907 JSW
- 1

1. Operating Engineers Local Union No. 3 (the "Union"). The original complaint also sought collection of delinquent contributions owed to the Trust Fund based upon covered work performed by MORA CONSTRUCTION, INC.'s employees in the amount of $37,050.39 and liquidated damages and interest in the amount of $11,642.85. The Defendants were served with the complaint on or about December 8, 2005. After being served with the complaint, the Defendants contacted Plaintiffs, through an attorney, and agreed to voluntarily produce the records needed to complete the audit and make payments toward the principal contributions owed while the audit is being conducted. In light of the fact that the Defendants had agreed that the audit would be conducted on April 19, 2005, the Trust Funds respectfully requested a continuance of the case management conference until July 15, 2005.

However, after the complaint was filed, the Defendant untimely reported additional principal contributions, without payment, in the amount of $40,984.34. The Defendants also failed and/or refused to produce the records needed for the audit scheduled for April 19, 2005. In order to avoid a multiplicity of lawsuits to collect all of the outstanding contributions owed to the Trust Funds and obtain the books and records needed for the audit, simultaneously with the filing of this ex parte application, the Plaintiffs filed their First Amended Complaint. The First Amended Complaint seeks an award of damages for all reported, principal contributions owed to the Trust Funds in the amount of $78,034.73, the liquidated damages and interest in the amount of $25,638.86, the Trust Funds' attorney's fees and costs related to this suit and the damages revealed by the audit for which the Trust Funds seek an injunction in the First Amended Complaint.

///////

Plaintiffs' Second Ex Parte Application To Continue Case Management Conference; Order Thereon;
Case No. C 04-04907 JSW
- 2 -

Plaintiffs apologize for the delay caused by the failure of the Defendants to submit to the audit as agreed on April 19, 2005, but believe that judicial economy will be served by continuing the case management conference one more time until August 26, 2005 at 1:30 p.m. to give the Defendants an opportunity to respond to the First Amended Complaint, and for Plaintiffs to request entry of the Defendants' default by the Clerk if the Defendants fail to timely respond to the First Amended Complaint, before the continued case management conference.

Additionally, Plaintiffs' Counsel is leaving the state, by plane, for her summer vacation on July 15, 2005, and unable to appear at the conference on that date. At the time the plans were made, the Defendants had agreed to the audit and to consensually resolve the results, so that it did not appear that the case management conference would go forward on that date.

Dated this __ day of July of 2005

OPERATING ENGINEERS LOCAL UNION
NO. 3 TRUST FUNDS – MULTI-SERVICES

By: _____
TRACY L. MAINGUY
ATTORNEY FOR PLAINTIFFS

## ORDER

Based upon the above, and good cause appearing, the Case Management Conference originally schedule for July 15, 2005 at 1:30 p.m. is continued until August 26, 2005 at 1:30 p.m.

DATED: July 6, 2005

/s/ Jeffrey S. White
_____
JEFFREY S. WHITE
UNITED STATES DISTRICT COURT JUDGE