TRACY L. MAINGUY, Bar No. 176928
OPERATING ENGINEERS LOCAL UNION NO. 3 TRUST FUNDS- MULTI-SERVICES
1620 South Loop Road
Alameda, CA 94502
(510) 748-7474

Attorney for the Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

(SAN FRANCISCO DIVISION)

| | |
|---|---|
| GIL CROSTHWAITE, JOHN BONILLA, in their respective capacities as Trustees of the OPERATING ENGINEERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA et al., <br><br> Plaintiffs, <br> vs. <br><br> MORA CONSTRUCTION, INC. et al., <br><br> Defendants. | Case No.: C 04-04907 JSW <br><br> **PLAINTIFFS' EX PARTE APPLICATION TO REMOVE CASE MANAGEMENT CONFERENCE FROM CALENDAR; [PROPOSED] ORDER THEREON** <br><br> Date: August 26, 2005 <br> Time: 1:30 p.m. <br> Place: 17th Floor, Courtroom 2, 450 Golden Gate Avenue, San Francisco, CA |

1.  Plaintiffs are Trustees of the above-captioned Taft-Hartley Multi-Employer trust funds. The Trust Funds filed suit to obtain an injunction mandating that Defendants allow the Trust Funds access to MORA CONSTRUCTION, INC.'S books and records to conduct an audit to determine whether, or not, Defendants complied with the reporting and payment of contribution requirements of MORA CONSTRUCTION, INC.'S collective bargaining

---

Plaintiffs' Ex Parte Application To Remove Case Management Conference From Calendar; Order Thereon;
Case No. C 04-04907 JSW
- 1 -

agreement with the Operating Engineers Local Union No. 3 (the "Union"). The original complaint also sought collection of delinquent contributions owed to the Trust Fund based upon covered work performed by MORA CONSTRUCTION, INC.'s employees in the amount of $37,050.39 and liquidated damages and interest in the amount of $11,642.85. The Defendants were served with the complaint on or about December 8, 2005. After being served with the complaint, the Defendants contacted Plaintiffs, through an attorney, and agreed to voluntarily produce the records needed to complete the audit and make payments toward the principal contributions owed while the audit is being conducted. In light of the fact that the Defendants had agreed that the audit would be conducted on April 19, 2005, the Trust Funds respectfully requested a continuance of the case management conference until July 15, 2005.

2. After the complaint was filed, the Defendant untimely reported additional principal contributions, without payment, in the amount of $40,984.34. The Defendants also failed and/or refused to produce the records needed for the audit scheduled for April 19, 2005. In order to avoid a multiplicity of lawsuits to collect all of the outstanding contributions owed to the Trust Funds and obtain the books and records needed for the audit, the Plaintiffs filed their First Amended Complaint on July 5, 2005. The First Amended Complaint seeks an award of damages for all reported, principal contributions owed to the Trust Funds in the amount of $78,034.73, the liquidated damages and interest in the amount of $25,638.86, the Trust Funds' attorney's fees and costs related to this suit and the damages revealed by the audit for which the Trust Funds seek an injunction in the First Amended Complaint.

3. To date, the Defendants failed to respond to the First Amended Complaint. Consequently, simultaneously herewith Plaintiffs are filing a Request For Entry of Default By Clerk against Defendants, and each of them, in relation to the First Amended Complaint. In light of the pending entry of default, the Trust Funds respectfully request that the case management conference be removed from the Court's calendar, and that the Court order the Plaintiffs to file

1 | their motion for entry of default judgment within the next sixty days. Continuing the case management conference will conserve judicial resources and the resources of the parties in that it will avoid a case management conference that, if held on August 26, 2005, would not advance the litigation.

Dated this 17th day of August of 2005

OPERATING ENGINEERS LOCAL UNION
NO. 3 TRUST FUNDS – MULTI-SERVICES

By: _____
TRACY L. MAINGUY
ATTORNEY FOR PLAINTIFFS

## ORDER

Based upon the foregoing, good cause appearing, the case management conference in the above-captioned matter scheduled for August 26, 2005 at 1:30 p.m. is removed from the Court's calendar. Plaintiffs are ordered to file their motion for entry of default judgment within sixty days from the date of this order.

DATED: August 23, 2005

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT COURT JUDGE